RAÚL ORTIZ CARRASQUILLO, demandante y recurrido, *v.* MUNICIPIO DE NAGUABO, demandado; ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y peticionario.

*Número:* O-78-444      *Resuelto:* 31 de enero de 1979

*Héctor A. Colón Cruz, Procurador General,* y *Roberto Armstrong, Jr., Subprocurador General,* abogados del peticionario; *Margaro Rivera Guzmán,* abogado del recurrido.

PER CURIAM: En demanda instada ante el Tribunal Superior, Sala de Humacao, contra el Estado Libre Asociado y el Municipio de Naguabo, alegó Raúl Ortiz Carrasquillo que el 4 de junio de 1974, mientras conducía un automóvil de su propiedad por una carretera en el barrio Florida de dicho municipio, cayó con el carro a un río que discurría paralelo a la carretera. Imputó la responsabilidad por el accidente a un alegado desperfecto en la carretera, cuya propiedad y mantenimiento aseveró corresponder a los demandados. Les reclamó por la pérdida del carro, que valoró en $3,000, más $3,400 en efectivo que dijo haber perdido en la corriente de agua, y $15,000 por alegados daños personales, físicos y morales.

El Estado recurre en solicitud de revisión de la resolución del tribunal de instancia que denegó la moción de sentencia sumaria predicada en que la mencionada carretera es "un camino municipal" que "no está bajo el control, conservación ni jurisdicción del Departamento de Transportación y Obras Públicas." La moción fue acompañada de una certificación del Secretario Interino de dicho Departamento, Sr. José E. Rossy, acreditativa de los extremos apuntados, y la contestación dada por el Municipio demandado a un interrogatorio formuládole por el demandante en que consta que "se trata de un camino vecinal que no tiene número y fue pavimentado hace aproximadamente dos años por primera vez a petición de los vecinos;" que no hubo ordenanza municipal que autorizara la pavimentación, habiéndose costeado "a base de unas asignaciones incluidas en la Ley núm. 2 que contemplaba aportaciones estatales y municipales (Ley núm. 2 de 1975)." Se expresa además en dicha contestación al interrogatorio que

el mantenimiento del mencionado camino "no se le ha cedido nunca" al Gobierno estatal.

Argumentó el demandante en oposición a la solicitud de sentencia sumaria, y argumenta ante nos, que existe una controversia real en cuanto a si el Estado es responsable. Invoca el Art. 256 del Código Civil, 31 L.P.R.A. sec. 1025, (1) y el 397 del Código Político, 3 L.P.R.A. sec. 419. (2) No tiene razón.

El citado artículo del Código Civil es inaplicable. Su alcance es distinguir entre aquellas cosas que son de uso público, es decir, "de uso común por su propia naturaleza o por el objeto a que se hallan destinadas" (Ley de Aguas de 1866, citada en *Rubert Armstrong* v. *E.L.A.*, 97 D.P.R. 588, 620 (1969)), y aquellas cosas que son susceptibles de apropiación y que pertenecen de hecho al Estado o a algún municipio. En cuanto a las primeras, la responsabilidad de su mantenimiento y conservación puede recaer en el Estado o en un municipio. Dicho artículo no distingue a este respecto.

El Art. 397 del Código Político tampoco puede invocarse para derrotar la moción de sentencia sumaria, pues el

---

(1) Dispone:

"Sec. 1025. Bienes de uso público, bienes patrimoniales

Son bienes de uso público en Puerto Rico y en sus pueblos, los caminos estaduales y los vecinales, las plazas, calles, fuentes y aguas públicas, los paseos y las obras públicas de servicio general, costeadas por los mismos pueblos o con fondos del tesoro de Puerto Rico.

Todos los demás bienes que el Estado Libre Asociado de Puerto Rico o los municipios posean, son patrimoniales y se regirán por las disposiciones de este título."

(2) Dicho artículo expresa:

"Sec. 419. Carreteras estaduales, definición de

"Se consideran como carreteras estaduales, para los efectos de las secs. 412, 413 y 417 a 423 de este título, y las secs. 1 a 5 y 41 a 46 del Título 22, todos aquellos caminos o vias públicas que hayan sido o puedan ser construidos y estén entretenidos en la actualidad o en lo futuro, con fondos estaduales, o que estén incluidos en el plan general de los caminos que han de construirse y conservarse con fondos estaduales que pueda más adelante ser aprobado y decretado por la Asamblea Legislativa de Puerto Rico."

demandante no aportó prueba alguna de que el camino en cuestión fuera construido o sea "entretenido", es decir, mantenido o conservado, por el Estado Libre Asociado. Las aportaciones que el Estado pueda hacer a los municipios y que éstos empleen en la reparación de caminos no tienen el efecto de convertir tales caminos en carreteras estatales.

■ El demandante recurrido se ampara en una ley que identifica, sin más, como la Núm. 2 de 1975, para sostener que el camino en cuestión es carretera estatal. Suponemos que se refiere a la Ley Núm. 72 de 22 de junio de 1975, o a la Resolución Conjunta Núm. 7 de 6 de noviembre de 1975. La primera transfirió a la Administración de Servicios Municipales la División de Ayuda Técnica a la Comunidad del Departamento de Transportación y Obras Públicas con sus fondos, personal, propiedad y archivos. Art. 1 de dicha ley, Leyes de Puerto Rico, 1975, Parte 1, pág. 192. La segunda (la Resolución Conjunta) asignó seis millones de dólares a ser distribuidos por el Secretario de Hacienda entre diferentes municipios, correspondiendo al de Naguabo $45,000 para "construcción de obras y mejoras permanentes". Leyes de Puerto Rico, 1975, Parte 2, págs. 956 y 965. Ninguna de dichas piezas legislativas tiene el alcance que le da el recurrido.

■ Lo que es una carretera estatal, sujeta a la responsabilidad del Estado en cuanto a custodia y conservación, está definido en la Ley de Administración, Conservación y Policía de las Carreteras Estatales de Puerto Rico, Ley Núm. 54 de 30 de mayo de 1973, que en su Art. 1-02, 9 L.P.R.A. sec. 2102, dispone:

"Los siguientes términos tendrán, a los fines de esta ley, los significados que a continuación se expresan:

(a) Carretera—cualquier vía pública estatal para el tránsito vehicular que haya sido construida de acuerdo a alguna ley del Estado Libre Asociado de Puerto Rico o que habiendo sido cons-

truida por una Agencia o Corporación Pública, Estatal o Federal o por un municipio, haya sido transferida legalmente al Departamento de Transportación y Obras Públicas para su custodia y conservación. Una carretera está integrada por la zona de rodaje, el paseo, la servidumbre de paso, así como puentes, obras de desagüe, rótulos, señales, barreras protectoras y todas las construcciones protectoras, necesarias y convenientes para el mejor tránsito de los vehículos.

. . . . . . . ."

■ En la contestación del Municipio demandado al interrogatorio del demandante se señala que el camino que aquí nos ocupa es uno vecinal "que le ha venido sirviendo a los vecinos desde tiempo inmemorial." No puede concluirse, por tanto, que fuera construido de acuerdo con alguna ley del Estado. Tampoco ha sido cedido al Estado, lo que así se hace constar expresamente en la citada contestación al interrogatorio.

En resolución de 28 de diciembre de 1978 requerimos del recurrido mostrar causa por la cual no debamos revocar la resolución del tribunal de instancia. Su comparecencia no nos persuade de que variemos el criterio intimado. *Por las razones aquí expuestas, se expedirá el auto, se revocará la resolución del Tribunal Superior, Sala de Humacao, de 9 de noviembre de 1978, y se ordenará la desestimación de la demanda en cuanto al Estado Libre Asociado se refiere. Se impondrá al demandante-recurrido el pago de las costas.*